**Mary H. TERRELL, Plaintiff,**

v.

**Honorable Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare of the United States of America, Defendant.**

**Civ. A. No. 4454.**

United States District Court
W. D. South Carolina,
Spartanburg Division.

Oct. 4, 1965.

Kenneth M. Powell, Spartanburg, S. C., for plaintiff.

John C. Williams, U. S. Atty., Greenville, S. C., and Geddes Hugh Martin, Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Appeal from a "final decision" by the Secretary of Health, Education, and Welfare denying that plaintiff is entitled to a period or to disability or disability benefits under the Social Security Act. Before the Court is the question of whether or not the Secretary's decision is supported by substantial evidence. If so supported, it must be affirmed. This Court has no authority to try the issues *de novo*. Conversely, if undue reliance has been placed upon one portion of the record in the face of overwhelming evidence to the contrary, then the Secretary must be reversed. Thomas v. Celebreeze, 331 F.2d 541 (4th Cir. 1964).

The Secretary found that plaintiff, who was born in 1913 and who quit school at age 14 to go to work in the sewing room of a mill, has certain impairments, but that singly or in combination they were not of sufficient severity to prevent her from engaging in some type of substantial gainful activity.

It clearly appears that the Secretary is in error, and that undue reliance has been placed on one portion of the record. Such reliance, though not remotely an act of *mala fides*, when viewing the record as a whole, convinces this Court that a true picture of disability is obscured and hidden.

The crux of plaintiff's allegation that she is "disabled" within the meaning of the Act is that she is constantly plagued and tormented by painful headaches. There is substantial testimony to that effect, and no testimony to the contrary. The Hearing Examiner stated:

It should be noted also that, although Dr. Burgess said claimant had almost continuous vascular type headaches, he did not say they were always severe. The claimant alleged she had a dull headache most of the time and severe headaches at intervals.

It appears that the Hearing Examiner reasoned that because plaintiff's headache, though ever present, was not always severe, she was not "disabled" and was capable of substantial gainful activity.

Viewing the record realistically, and taking into account plaintiff's education, experience, and the like, it is obvious that she might be capable of selling apples or peaches on the corner (in season), or perhaps she could be an actress on television who portrays the "before" aspects of sundry headache remedies, but this claimant is simply not able to obtain and hold employment because of the continuous pain which throbs through her skull. It is fanciful fiction to imagine an employer rehiring her to do close and tedious work such as sewing. She is too high a risk for an employer to assume.—The realties of the world of commerce were not taken into account in the Secretary's decision. Plaintiff does not live in a "make believe" industrial world where employers provide sheltered work shop conditions, instead of being in business to generate profit. Riddle v. Celebrezze, 235 F.Supp. 657, 661, 662 (W.D.S.C.1964); Hamlet v. Celebrezze, 238 F.Supp. 676, 682 (E.D. S.C.1965). By the same token, the Secretary's decisions must not be made in the world of make believe.

The decision of the Secretary is not based upon substantial evidence, and must be reversed. The Clerk will, therefore, enter judgment accordingly.

And it is so ordered.