**Smiley M. FLETCHER, Plaintiff,**

v.

**Honorable John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

### Civ. A. No. 4668.

United States District Court
D. South Carolina,
Greenville Division.

Feb. 3, 1966.

Theodore M. Burns, Jr., Greenville, S. C., for plaintiff.

John C. Williams, U. S. Atty., and Albert Q. Taylor, Jr., Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Appeal from a "final decision" by the Secretary of Health, Education, and Welfare denying that plaintiff is entitled to disability benefits under the Social Security Act. Before the Court is the sole question of whether or not the Secretary's decision is supported by substantial evidence. If so supported, it must be affirmed. This Court has no authority to try the issues *de novo*. But if undue reliance has been placed on one portion of the record in the face of overwhelming evidence to the contrary, then the Secretary's decision must be reversed. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964). The Secretary's decision must be rational.

The Secretary found that plaintiff, who was born in 1907, and who had

quit school at age 13 to work as a "sweeper" in a textile mill, has certain impairments, but that singly or in combination they were not of sufficient severity to prevent her from engaging in some type of substantial gainful activity.

It clearly appears that the Secretary is in error, and that his decision is not based upon "substantial evidence."

The Hearing Examiner observed:

Upon filing her application for disability insurance benefits on February 7, 1963, the claimant herein gave her date of birth as February 14, 1907, and stated she became unable to work on November 11, 1962, by reason of nerves, arthritis and bursitis. In addition, she referred to gallbladder trouble and stated the gallbladder had been removed three years previously but still troubled her. She had been employed as a weaver in a textile plant, was married and had no children under the age of 18. She completed the seventh grade in school.

In an interview with a representative of the Social Security Administration district office conducted at the time she filed her application, claimant explained she was just not strong enough to work. She could not eat substantial food and was so nervous she could not stand it. She had been operated on for gallbladder in 1960, but the condition had been no better and still caused her some pain. In describing the arthritis and bursitis, she stated the first signs appeared four or five years previously. She had always been extremely nervous, but since she had her gallbladder out, it was worse. She felt she became disabled in November 1962 and just had not been able to work since. She could not eat anything with enough strength to make her strong enough to try to do anything. She related the arthritis and bursitis were worse in her ankles and knees, and when they were swollen, she could not walk on them. She also

had it in her hands to some extent and they got stiff and sometimes swelled, but not too badly. She also had the condition in both shoulders and had to have shots for shoulders, knees and ankles. She advised that all of her work had been as a weaver in the textile plant. In explaining her daily activities, she stated she prepared the meals, straightened the kitchen, and started up the washing machine. She did not hang out the clothes as her husband did this. He also did the sweeping, vacuuming and mopping. Claimant then watched television and sat around until ready to lie down. Later, she cooked supper and if she felt able, she would go to prayer meeting or to her ladies club. Reading and watching television were her hobbies. She stated she could drive but had not driven lately.

The following colloquy helps to cast further light upon plaintiff and is helpful in viewing the "record as a whole:"

Q. Have you ever been told that you had an ulcer?

A. No, sir. They tell me to stay on a strict diet.

Q. What are your present complaints?

A. You mean for me to tell ya how I feel about it? Well, I'm just drawed up in a knot 'til I get to hurtin' an' caint get my breath, an' then my shoulders, my legs an' arms hurt. Last night—I've got the headache this morning 'til I can hardly stand it; just right up an' down the back'a my neck, comin' in to my head.

Q. What happens to your shoulders?

A. Well, it's between my shoulders.

Q. You said something about drawed up in a knot.

A. That's what he tells me. I went Friday to the doctor, an' I said, "What's causin' all that pain? I caint get my breath,"

an' he said, "Well, you just drawed up in a knot."

Q. What do you feel, in your own words, is your main problem?

A. Well, I think it's that bursitis an' gallbladder that causes me to get so nervous an' all. I caint eat like I ought to an' I don't rest like I ought to, an' it just keeps buildin' up.

Q. How is your stomach? Is it giving you any trouble?

A. Yes, sir, I burp up my food lots an' lots of times.

Q. You have digestive troubles?

A. Yeah, but it's caused from the gallbladder, because I don't have any way of disposin' of the gall, see.

Q. You have never had any particular indigestion?

A. Not until the gallbladder trouble turned up.

\* \* \* \* \* \*

It is most significant that plaintiff's treating physician, who unquestionably knows her best, noted that she is "unable to take physical and mental stress well;" that her response to treatment was "poor." He corroborated her complaints. The "one visit" examinations given by doctors employed by the Secretary were typical in their failure to observe plaintiff as a "whole person." The Secretary's sole reliance on their examination is clearly a misplacing of emphasis on one portion of the record to the disregard of overwhelming evidence to the contrary. Thomas v. Celebrezze, supra.

If the Court might ask a rhetorical question: What is this tired, debilitated, uneducated and untrained woman expected to do? Realistically, what employer is going to hire plaintiff? She does not live in a "make believe" industrial world of benevolence and forgiveness. See Terrell v. Celebrezze, 245 F.Supp. 874, 875 (W.D.S.C.1965). Her value to an employer is based on productivity. The record shows conclusively that this hapless plaintiff is not capable of any gainful activity. Accordingly, the Secretary's decision should be reversed.

The Clerk will enter Judgment for plaintiff.

And it is so ordered.